**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, CHIEF JUDGE**

Criminal Case No. 04-cr-00417-LTB

UNITED STATES OF AMERICA,

Plaintiff,
v.

1.      CLEMMETH D. NEVELS,

Defendant.

_____

**ORDER**
_____

Defendant Clemmeth Nevels ("Nevels") is indicted for one count of possession of a

restricted firearm, in violation of 18 U.S.C. 922(g)(1), and one count of possession of a firearm

whose serial number has been removed or obliterated, in violation of 18 U.S.C. § 922(k). Plaintiff

United States ("Government") also charges Nevels with possession of a restricted firearm under

18 U.S.C. § 924(e)(1), which imposes a mandatory sentence enhancement for individuals with

three prior felonies.  The Government filed notice of its intent to use evidence under Fed. R. Evid.

404(b). Nevels filed motions opposing the Government's Fed. R. Evid. 404(b) notice, and two

motions in limine; one requesting a pre-trial evidentiary hearing to assess the admissibility of the

testimony of a witness and one to exclude evidence. Based on the parties' briefs and a Motions'

Hearing in Court January 25, 2006, Defendant's motions are DENIED.

**I. BACKGROUND**

On the morning of January 11, 2004 Nevels was involved in a deadly altercation at his

residence at 1426 East 23rd Avenue in Denver. When the Denver Police arrived in response to

Nevels' 911 call, Nevels informed them that he had shot an armed intruder, Mr. McLamb,

("McLamb.") McLamb was dead when the police arrived. Nevels told the police that "I did what

I had to do, he was going to hurt me." Later, he told the police, "I did what I had to do. I am not

going to let someone break into my house. I might have done you all a favor." Nevels told the

police that he did not know who the intruder was.

Inside the house, police officers found two weapons, a Ruger model P89 9mm pistol and a

Ruger model P95DC 9 mm pistol, with a defaced serial number. According to Rose Burton,

Nevels' girlfriend and owner of the residence, both pistols belonged to Nevels and Nevels

"always" carried firearms with him. Burton stated that she and Nevels attended a gun show

together about two weeks before the incident of January 11, 2004, that she purchased two guns

for him at the gun show and that she saw him carrying the guns prior to January 11, 2004.

In an earlier motion, Nevels advised the court that he is likely to use the affirmative

defense of necessity. Nevels moved for a legal determination that the burden of proof on a

necessity defense lies with the Government. The Court denied this motion, ruling that since the

felon in possession statute is a general intent crime necessity does not negate an element of the

defense and so the burden of persuasion lies with the defendant, Nevels.

## II. MOTIONS

This Order addresses the following motions: 1) Nevels' motion objecting to the

Government's use of evidence under Fed. R. Evid. 404(b) that Nevels and McLamb were part of

the same street gang, 2) Nevels' motion in limine requesting an evidentiary hearing on the

admissibility of the testimony of Lieutenant J.W. Priest ("Priest") as an expert in crime scene

reconstruction, and 3) Nevels' motion in limine to exclude evidence that McLamb died as a result

of Nevels' actions.  I will consider each of these motions individually.

A.      Nevels' Objection to the Government's 404(b) Evidence that He and McLamb Were Part of the Same Street Gang

The Government has provided notice to the Court that it intends to offer evidence that

Nevels and McLamb were part of the same street gang, under Fed. R. Evid. 404(b). Nevels

objects to this evidence because another witness will already testify that Nevels and McLamb

were friends, and because reference to their common membership in a gang will unnecessarily

prejudice the jury. Nevels argues that the danger of unfair prejudice of this evidence substantially

outweighs its probative value, and should be excluded under Fed. R. Evid. 403.

The Government contends that this evidence is probative of whether Nevels knew

McLamb, which is in turn probative of Nevels' necessity defense. Outside of the context of a trial

it is very difficult to determine the relevancy of this evidence. I therefore deny Nevels' motion

without prejudice. The Government shall hold this evidence to the later part of its case in chief, or

to its rebuttal. If the Government chooses to use this evidence it will provide notice to the Court,

and there will be an opportunity at that time for the parties to argue the relevance and prejudice of

this evidence. The Government shall prepare a limiting instruction for the jury in the event I find

this evidence to be admissible.

B.      Nevels' Motion in Limine Requesting an Evidentiary Hearing to Consider the Admissibility of the Testimony of Lieutenant Priest

The Government proposes to use Priest as an expert witness on crime scene

reconstruction. According to the Government, Priest's testimony will address the reconstruction

and interpretation of the crime scene, based on the totality of the forensic evidence, including his

own observations and other evidence, such as ballistic evidence and the observations of the

3

coroner. Priest will opine on the likely positions of Nevels and McLamb during the events of the night of January 11, 2004.

At the Hearing January 25, 2006, Nevels did not argue that Priest was unqualified, nor that his testimony is not relevant. Rather, Nevels argued that an evidentiary hearing is necessary because Priest proposes to go beyond his immediate observations of the crime scene to reach conclusions regarding what transpired that night. Nevels contends that this kind of testimony is speculation and conjecture not based on a well grounded methodology, and that it constitutes testimony regarding causation.

The Government has submitted a seventy page curriculum vitae of Lieutenant Priest, describing in great detail his training and qualifications. I conclude that Lieutenant Priest is qualified to opine on the likely positions of Nevels and McLamb on the night of January 11, 2004.

The issue thus becomes whether a pre-trial evidentiary hearing is necessary to evaluate the reliability of Lieutenant Priest's methodology.  Under Fed. R. Evid. 702, the trial Judge must serve as a gatekeeper for unreliable expert testimony. The linchpin of this analysis is whether the proffered testimony will be helpful to the jury. In light of the importance of the necessity defense to this case, I conclude that Priest's testimony will be helpful to the jury.

This case is similar to *United States v. McVeigh*, 955. F.Supp. 1278 (D. Colo. 1997), *aff'd, U.S. v. Nichols,* 169 F.3d 1255 (10th Cir. 1999), where the trial Judge denied a pre-trial evidentiary hearing and found that ruling at trial on the admissibility of the opinions and conclusions of the witness would not be prejudicial to the defendant. *Id.* at 1280.  Like in *McVeigh*,  the challenged evidence here does not involve any "new scientific theory" or "new" or

4

"novel" methodologies. *Id.* at 1279.  Priest's methods appear to be routine and widely used. Addressing this issue at trial will avoid the duplication of a pre-trial hearing, and will not be prejudicial to Nevels.

I therefore reserve ruling on the admissibility of this testimony until trial. In order to introduce this testimony, the Government must provide a proper foundation pursuant to Fed. R. Evid. 702 for opinions it will elicit from the witness.   The motion for a pre-trial hearing on the testimony of Lieutenant Priest is denied.

C.      Nevels' Motion in Limine to Exclude Evidence That McLamb Died

Nevels argues that evidence that McLamb died is both not relevant under Fed. R. Evid. 401 and unduly prejudicial under Fed. R. Evid. 403. Nevels contends that McLamb's death is not relevant to the necessity defense since this defense can be sustained by Nevels' reasonable belief that he needed to possess a weapon and McLamb was armed. Nevels further asserts that even if this evidence is relevant, its prejudicial impact substantially outweighs its probative value because the jury is likely to condemn Nevels for killing the intruder, because there has been no finding that the killing was unlawful and because this is inadmissible character evidence under Fed. R. Evid. 404(b).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. At the Hearing January 25, 2006, Nevels stated that he did not concede the fact that he was in possession of a weapon on the night of January 11. 2004. Nevels' possession of a weapon, since not conceded, is a fact of consequence to this case. The fact that McLamb died as a result of Nevels' possession is probative of Nevels' possession of a

weapon. Additionally, McLamb's death is relevant to whether Nevels' possession of the weapon was necessary, which relates directly to Nevels' invocation of the necessity defense.

So the question then becomes whether evidence of McLamb's death is unduly prejudicial under Fed. R. Evid. 403. Under this Rule, relevant evidence should not be admitted if it has "an undue tendency to suggest the jury make a decision on an improper basis, commonly, though not necessarily, an emotional one. " *Stump v. Gates,* 211 F.3d 527, 534 (10th Cir. 2000.) Put differently, evidence should not be admitted if there is a genuine risk that it will prompt the emotions of the jury to lead it to irrational behavior. Outside of the context of a trial I cannot determine whether this evidence will be unduly prejudicial. I therefore deny this motion without prejudice. Nevels may raise this issue again during the trial, where it may be reviewed outside of the presence of the jury.  The Government will prepare a limiting instruction on this issue. I note that I presume that a jury will follow the Court's instructions.

Therefore, it is so Ordered that,

Defendant's Motion to Exclude the Government's Fed. R. Evid. 404(b) evidence (Docket # 65) is DENIED, WITHOUT PREJUDICE,

Defendant's Motion in Limine for a Pre-Trial Evidentiary Hearing to Exclude Lieutenant Priest as an Expert Witness (Docket # 64) is DENIED, and

Defendant's Second Motion in Limine to Exclude Evidence that McLamb Died (Docket # 66) is DENIED, WITHOUT PREJUDICE.

**DONE and ORDERED,** this    25th    day of January, 2006 at Denver, Colorado.

                                  s/Lewis T. Babcock
                                  United States District Chief Judge